# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Phillip Williams, #281709, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 9:08-2488-PMD-GCK |
| v. ) | |
| ) | **ORDER** |
| Paul B. Wickensimer John Newkirk; ) | |
| Clerk at Plea; Judge C. Victor Pyle; ) | |
| Judge Larry R. Patterson; John Abdalla; ) | |
| Susannah Ross; Aileen P. Clare; ) | |
| Greenville County Sheriff's Dept.; Jerry ) | |
| Todd; and James Ken Burris; ) | |
| ) | |
| Defendants, ) | |
| _____) | |

This matter is before the Court upon Plaintiff Kenneth P. Williams' ("Plaintiff") objections to a United States Magistrate Judge's report and recommendation ("R&R") that Plaintiff's complaint be summarily dismissed without prejudice. Having reviewed the entire record, including the Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

On July 8, 2008, Plaintiff, who is proceeding *pro se* and is incarcerated at Kirkland Correctional Institution, filed this action to challenge some of the procedures and evidence used at his state court trial. He brought suit against Paul B. Wickensimer, the Greenville County Clerk of Court; John Newkirk; the Clerk at Plea; Judge C. Victor Pyle; Judge Larry R. Patterson; John Abdalla; Susanna Ross; Aileen P. Clare; and Jerry Todd and James Ken Burris, two employees of the Greenville County Sherriff's Department. Plaintiff seeks to be released from prison and

seven million dollars in damages for wrongful imprisonment. (Compl. at 5.) Because Plaintiff is a prisoner and his complaint seeks relief from governmental officers and employees, the Magistrate Judge screened Plaintiff's complaint to ensure it asserted cognizable claims. 28 U.S.C. § 1915A (requiring a court to review a prisoner's complaint that seeks redress from a governmental entity or officer or employee). Based on Plaintiff's request for damages, the Magistrate Judge concluded that Plaintiff filed this matter pursuant to 42 U.S.C. § 1983 and conducted his analysis accordingly. Although Plaintiff also challenges his imprisonment, the Magistrate Judge correctly noted that Plaintiff must obtain a habeas corpus petition from the Clerk of Court and file a separate action to seek that relief. *See* 28 U.S.C. § 2242 (stating requirements for an application for a writ of habeas corpus).

On July 28, 2008, Magistrate Judge George C. Kosko entered an R&R recommending this court dismiss Plaintiff's complaint without prejudice and without issuance and service of process. (R&R at 5.) Regarding Plaintiff's claim for damages based on his alleged wrongful imprisonment, the R&R states, "Insofar as the plaintiff's subsequent conviction, related state court proceedings, and arrest are concerned, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued." (R&R at 2.) Regarding Plaintiff's claims for damages against certain state actors based on their actions related to his trial, the Magistrate Judge found the Defendants entitled to immunity. In particular, the Magistrate Judge found the assistant solicitor entitled to prosecutorial immunity, (R&R at 3), the judges and witnesses entitled to absolute immunity, (R&R at 4), and the court personnel entitled to absolute quasi judicial immunity, (*id.*). Thus the Magistrate Judge recommended dismissing Plaintiff's cause of action.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION OF PLAINTIFF'S OBJECTIONS

### A. Plaintiff's Claim Seeking Damages for Wrongful Imprisonment

The Magistrate Judge correctly recommended Plaintiff's claims regarding his conviction, related state court proceedings, and arrest be summarily dismissed because a right of action has yet to accrue. (R&R at 2.) The Magistrate Judge quoted the United State Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) which stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

In his objections, Plaintiff noted that he had "been to . . . Court with [a] Habeas Corpus," but this does not demonstrate that his conviction has already been invalidated. Without any additional proof, this court adopts the Magistrate Judge's recommendation that Plaintiff's complaint be summarily dismissed because a right of action has yet to accrue.

### B. Plaintiff's Claims for Damages Against Defendants Involved With His Trial

Although Plaintiff joined Paul Wickensimer, the Greenville County Clerk of Court, as a defendant to this action, he failed to allege any facts supporting a claim against him. In fact, nowhere in Plaintiff's complaint or objections does he even mention Defendant Wickensimer. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional right. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977). Therefore, the court finds a summarily dismissal of Plaintiff's complaint against Defendant Wickensimer appropriate. *See Clark v. S.C. Dep't of Corr.*, No. 4:07-2840, 2007 WL 2749641, at *3 (D.S.C. Sept. 20, 2007) ("The Plaintiff's placement of these Defendants in the Complaint's caption and/or 'Parties' section, without any mention of how they are connected to the case is insufficient to state a claim under § 1983."); *see also James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 198 (3d Cir. 2007) (concluding the district court did not err in dismissing the

plaintiff's Eighth Amendment claims against certain defendants because the evidence shows he received medical treatment and "he simply has not alleged any facts implicating these officials").

The Magistrate Judge recommended dismissal of the Plaintiff's claim against the "Plea of Court." (R&R at 4.) Plaintiff alleged that the "Plea of Court" stated the wrong charge on the indictment and unlawfully enhanced the charge at his plea. (R&R at 4.) Plaintiff objected on the grounds that the Plea Clerk did not even know how to read the indictment correctly. (Objections at 2.) This court adopts the Magistrate Judge's recommendation because the law affords court personnel absolute immunity for acts that are "basic and integral parts of the judicial function." *Jackson v. Houck*, 181 Fed. App'x 372, 373 (4th Cir. 2006) (citation omitted). Because the "Plea of Court's" reading of the indictment constituted an integral part of the judicial function, the Plaintiff's claim against this Defendant is dismissed.

The Magistrate Judge recommended dismissal of the Plaintiff's claims against the two judges named as defendants, Judge Pyle and Judge Patterson. Plaintiff's complaint alleged that Judge Pyle accepted an illegal plea, never explained the right against compulsory self-incrimination, and never indicated that prior offenses would be used to enhance Plaintiff's sentence. (Compl. at 3.) He alleged that Judge Patterson failed to grant relief in his post-conviction relief process. (*Id.*) In his objections, Plaintiff argued that these judges abused their discretion by going along with misinformation provided by the police and prosecution simply because they were fighting crime. (Objections at 2.) This court adopts the Magistrate Judge's recommendation because the law affords judges absolute immunity from a claim arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 9 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Therefore, Plaintiff's claims asserted against these Defendants are dismissed.

The court had some difficulty understanding both Plaintiff's complaint and objections regarding Greenville County Sheriff's Department; in particular, whether Plaintiff intended to assert a claim against the sheriff's department in addition to Jerry Todd and James Ken Burris or just Mr. Todd and Mr. Burris. The Magistrate Judge interpreted Plaintiff's complaint to assert a claim only as against Mr. Todd and Mr. Burris as employees of the Greenville County Sheriff's Department and recommended they be dismissed. Plaintiff alleges these defendants committed perjury during his trial (Compl. at 3) and, in his objections, states that perjury should cause them to lose their immunity (Objections at 2). Plaintiff never objected that the Magistrate Judge failed to address his claim against Greenville County Sheriff's Department, as he did his claims to the lawyers involved in his trial (Objections at 2). Therefore, this court agrees with both the Magistrate Judge's interpretation of Plaintiff's complaint and his recommendation for dismissal of these claims because police officers, as witnesses, have an absolute immunity in suits against them for money damages, even if they commit perjury. *Briscoe v. LaHue*, 460 U.S. 325, 345–46 (1983); *Burke v. Miller*, 580 F.2d 108, 109 (4th Cir. 1978) (finding that witnesses in a state judicial proceeding enjoy an absolute immunity from liability under section 1983).

The Magistrate Judge recommended dismissing Plaintiff's claim against assistant solicitor John Newkirk. Plaintiff's complaint asserted that Newkirk prosecuted a case not made upon the evidence and prosecuted the case insufficiently. (Compl. at 3.) Plaintiff's main objection against Newkirk appears to be that Newkirk withheld from Plaintiff a NCIC Report in his Rule 5 discovery request. (Objections at 1, 3.) This court agrees with the Magistrate Judge's recommendation that Plaintiff's claims against the assistant solicitor be dismissed because prosecutors are absolutely immune from liability for damages based on their conduct that is associated with traditional prosecutorial activities. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273

(1993) (stating that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity.") Although the Supreme Court decisional law has only afforded prosecutors absolute immunity for actions that can be characterized as advocacy, rather than administrative or investigative, complying with Rule 5 discovery requests falls within the prosecutor's traditional role as an advocate for the State. Therefore, the court dismisses the Plaintiff's complaint against Defendant Newkirk.

Finally, Plaintiff objected that the Magistrate Judge failed to address his claims against "the lawyers." (Objections at 2.) Presumably, Plaintiff means public defenders John Abdalla, Aileen P. Clare, and his appellate defense attorney Susannah C. Ross. The court dismisses the claims against these Defendants because there is no state action on their part. (R&R at 5.) In order to prevail on his section 1983 claim, Plaintiff must prove (1) that he "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under the color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court addressed the issue of "whether a public defender acts under color of state law when providing representation to an indigent client." *Polk County*, 454 U.S. at 317. The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id*. at 325; *see also Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (concluding a court-appointed attorney was entitled to dismissal of the plaintiff's § 1983 claim against him for want of state action); *Stroman v. S.C. Office of Appellate Defense*, 447 F. Supp. 2d 515, 518 (D.S.C. 2005); *Johnson v. Harris*, 483 F. Supp. 710, 712 (D. Md. 1980) ("[C]ourt-

appointed counsel in the normal situation do not act 'under color of' state law, for purposes of liability under § 1983, in undertaking representation of indigent defendants in criminal cases."). Nor does a private attorney retained to represent a criminal defendant act under color of state law. *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976). John Abdalla and Aileen P. Clare are public defenders, and his appellate defense attorney, Susannah C. Ross, appears to have been appointed. Therefore, the court dismisses these Defendants from Plaintiff's lawsuit for want of state action.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that all of the Defendants to this action be dismissed without prejudice and without service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 14, 2008**